**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Michael S. Fox, Esq.
Andrea Fischer, Esq.
Jordanna L. Nadritch, Esq.
(212) 451-2300
mfox@olshanlaw.com
afischer@olshanlaw.com
jnadritch@olshanlaw.com

*Counsel to Debtor*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11<br>Case No. 09-13022 |
| WOOZYFLY, INC. | |
| Debtor. | |

**DECLARATION OF ERIC STOPPENHAGEN IN SUPPORT OF CONFIRMATION OF
THE SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FILED BY
THE DEBTOR AND THE PLAN PROPONENT**

Eric Stoppenhagen, makes this declaration pursuant to 28 U.S.C. §1746 and states as
follows:

1.     I am the interim president of Woozyfly, Inc. ("Woozyfly"), the Debtor and
Debtor-in-Possession in the above-referenced matter ("Debtor"). I have been intimately
involved in all aspects of this bankruptcy case from the early stages of pre-bankruptcy planning.
I have direct knowledge of the facts and circumstances et forth herein, and if called to testify, I
would state as follows:

893382-1

2.      This Declaration is submitted in support of  this Court's confirmation of the Second Amended Chapter 11 Plan of Reorganization Filed by the Debtor and the Plan Proponent (as modified and/or amended) (the "Plan").  Each capitalized term not otherwise defined in this Declaration shall have the meaning ascribed to such term in the Plan.

3.      Woozyfly's initial disclosure statement and plan of reorganization called for  the DIP Lender to take the majority of equity in the Reorganized Debtor (on account of its pre-petition secured claim and on account of its DIP Claim), leaving a minority of the equity to the Noteholders and  unsecured creditors of the Debtor.

4.      After the Court expressed concern regarding the fact that the Reorganized Debtor's assets would consist merely of its public corporate shell and some intellectual property, the Debtor made a concerted effort to obtain a candidate for a reverse merger.

5.      Ultimately, the Debtor located STW Resources, Inc. ("STW"), a privately held company, as a reverse merge candidate.  STW. provides customized water reclamation services. Its principal operations are in Pennsylvania and Texas. STW's core expertise is an understanding of water chemistry and its application to the analysis and remediation of complex water reclamation issues. STW provides a complete solution throughout all phases of a water reclamation project including analysis, design, evaluation, implementation and operations.

6.      Once the Debtor located STW, it filed an amended disclosure statement and plan which call for STW to merge into a newly formed wholly owned subsidiary of the Reorganized Debtor and for the various estate constituencies (the DIP Lender, the Noteholders and the unsecured creditors) to receive equity in the Reorganized Debtor.  The current STW shareholders will receive the majority of the equity in the Reorganized Debtor.

7.      It is my belief that the merger of STW into a subsidiary of the Reorganized Debtor will maximize estate assets and is in the best interests of the estate and its creditors.

2

893382-1

8.      In addition to negotiating the terms of the Plan, in my role as Interim President, I assisted in the analysis of whether the Plan is "feasible".  Based upon the information currently available, and the Debtor's current performance, I believe that the Plan is not likely to be followed by a liquidation of the Debtor or the need for a further reorganization under the Bankruptcy Code. Based on my analysis, with the reverse merger of STW into a newly-formed subsidiary of the Reorganized Debtor, the Reorganized Debtor should be able to continue STW's former business operations with an enhanced platform and the opportunity to attract more capital.

9.      Through operating in this manner, the Debtor should be able to avoid long-term debt obligations and continue to operate.

10.     Finally, the Debtor, has made many modifications to the Plan at the request of the Securities and Exchange Commission (the "SEC") in order to deal with the  SEC's concerns about the feasibility of the Plan..

11.     The Plan, as currently proposed, is in the best interests of all creditor constituencies.  The terms of the Plan impart a distribution to Noteholders and unsecured creditors that would not have been possible absent the reverse merger.  This has allowed a significantly greater recovery to creditors than could have been achieved either outside of the bankruptcy context or through a liquidation of the Debtor's assets.

12.     In light of the foregoing, I believe that this Court should confirm the Plan as being in the best interests of the creditors, and reasonably anticipated to maximize the value generated by the Debtor's assets.

893382-1

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

February 1, 2010

/s/

Eric Stoppenhagen

893382-1