UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                                         :   Case No. 09-13022 (JMP)
                                                                                 :
**WOOZYFLY, INC.**,                                               :   <u>Chapter 11</u>
                                                                                 :
              Debtor.                                    :
                                                                                 :
------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE, OR, IN THE ALTERNATIVE, TO CONVERT THIS CHAPTER 11 CASE TO A CASE <u>UNDER CHAPTER 7</u>**

TO:    THE HONORABLE JAMES M. PECK,
          UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), does hereby move this Court for an order pursuant to 11 U.S.C. § 1112(b) dismissing this Chapter 11 case or, in the alternative, converting this Chapter 11 case to Chapter 7 (the "Motion"). In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

The Court confirmed the Debtor's Second Amended Plan of Reorganization (the "Plan") on February 9, 2010 (the "Confirmation Date"). Since then, the Debtor has failed to comply with its administrative responsibilities. Specifically, no periodic status reports required by this Court's post-confirmation order have been filed in this case since the Confirmation Date. Moreover, no operating reports have been filed since September 20, 2010, when the reorganized Debtor filed Monthly Operating Reports for the months of February through August 2010. The

Debtor's reporting delinquencies have denied the Court and the parties in interest vital information regarding the Debtor's financial condition, assets, liabilities, and progress in implementing the Plan. In addition, the Debtor has failed to meet its obligation under 28 U.S.C. § 1930(a)(6) to pay quarterly fees to the United States Trustee. Consequently, because of the Debtor's failure to comply with an order of this Court and with its administrative and statutory obligations, this case should be dismissed.

## Facts

1. Debtor Woozfly, Inc. (the "Debtor") commenced its bankruptcy case by filing a voluntary petition on May 12, 2009 (the "Petition Date"). ECF Doc. No. 1.

2. The United States Trustee solicited creditors for the formation of an official committee of unsecured creditors, but received insufficient responses to form one.

3. By order signed on February 18, 2010 (the "Confirmation Order"), the Court confirmed the Plan. See ECF Doc. No. 61.

4. The Post Confirmation Order and Notice Signed on February 18, 2010 (the "Post Confirmation Order") requires the Debtor to file "within 45 days after the date of this Order, a status report detailing the actions taken by the [Debtor or such other party as the Court may direct] and the progress made toward the consummation of the Plan." See Post Confirmation Order at 1, ECF Doc. No. 63. The Post Confirmation Order further requires the Debtor to file status reports "every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered." See id.

5. To date, the only reports the Debtor has filed since the entry of the Confirmation Order were Monthly Operating Reports for February 2010 through August 2010. See

Declaration of Richard C. Morrissey in Support of the Motion (the "Morrissey Declaration"), annexed hereto as Exhibit A, ¶ 2; ECF Doc. Nos. 69-75. Each of those reports was filed on September 20, 2010.

6.  The electronic case docket in this matter indicates no activity by the Debtor after September 20, 2010. See ECF Docket Report.

7.  There are no ongoing adversary proceedings associated with the Debtor's bankruptcy case. See ECF Docket Report.

8.  The Debtor failed to pay all of its quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6) and any applicable interest assessed under 31 U.S.C. § 3717 and currently owes approximately $4,963.72 to the Office of the United States Trustee. See Morrissey Decl., ¶ 3. The actual fees owed cannot be calculated because no disbursement information has been provided by the Debtor to the United States Trustee since the second quarter of 2012. See id.

## Argument

**A.  There is Cause to Dismiss this Case, or, In the Alternative, To Convert This Chapter 11 Case to a Case Under Chapter 7**

**Cause Exists To Convert or Dismiss**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1) (emphasis added) (as amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010)). As stated,

cause exists under various enumerated provisions under this statute under the following provisions: "(E) failure to comply with an order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; . . . . (M) inability to effectuate substantial consummation of a confirmed plan . . . ."[1] 11 U.S.C. § 1112(b)(4).

The burden of showing whether cause exists to dismiss or convert a case rests with the moving party. In re Lizeric Realty Corp., 188 B.R. 503 (S.D.N.Y. 1995). Once "cause for relief is shown, the Court has broad discretion to either convert or dismiss the Chapter 11 case" whichever is in the best interest of the creditors and the estate. In re AdBrite Corp., 290 B.R. 209, 215 (S.D.N.Y. 2003) (citing In re Koerner, 800 F.2d 1358, 1368 (5th Cir. 1986)). Here, the Court should dismiss or convert this case based on the statutory grounds enumerated in 11 U.S.C. 1112(b)(4).

**The Debtor Cannot Effectuate Substantial Consummation and Has Violated Court Orders**

The Debtor has demonstrated an "inability to effectuate substantial consummation of a confirmed plan . . . ." 11 U.S.C. § 1112(b)(4)(M). Although the Court entered the Confirmation Order on February 10, 2010, see ECF Doc. No. 61, the Debtor has not provided any information regarding the status of this case since that date. The Debtor has violated the Post-Confirmation Order by failing to file any quarterly reports to date. See ECF Doc. No. 63. Without these reports, the United States Trustee and this Court cannot monitor the post-confirmation status of the case.

Similarly, the Debtor has failed to abide by the provisions in the Plan requiring the

---

[1] The bankruptcy court also must commence the hearing on the motion not later than 30 days after the filing thereof, and decide the motion not later than 15 days after the commencement of the hearing, unless the United States Trustee consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting these time limits. 11 U.S.C. § 1112(b)(3). To the extent over 30 days elapse between the time the motion is filed and the date the court may first hear it, the United States Trustee hereby consents to a continuance under section 1112(b)(3).

Debtor to remain current with its obligations to pay quarterly fees and to comply with its post-confirmation reporting requirements. Accordingly, the Debtor has not met its obligations under the Plan.

These failures demonstrate cause for this Court to dismiss or convert this case as contemplated by 11 U.S.C. § 1112(b)(4)(M). Under §1112(b)(K), the Debtor has failed to comply with the Confirmation Order (requiring the Debtor to pay quarterly fees) and the Post-Confirmation Order (requiring the Debtor to file quarterly reports).

**The Debtor Has Failed To Pay Quarterly Fees**

Conversion or dismissal is appropriate in cases of "nonpayment of any fees or charges required under chapter 123 of title 28." 11 U.S.C. § 1112(b)(4)(K). The quarterly fees fall within the category of fees levied under chapter 123 of title 28. See e.g. Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.), 352 F.3d 671, 674 (2d Cir. 2003) (section 1930(a)(6) requires debtors to pay fees to the United States Trustee until the case is converted or dismissed); see also In re Jamko, Inc., 240 F.3d 1312, 1313 (11th Cir. 2001) (noting that 28 U.S.C. § 1930(a)(6), "as amended in 1996, authorizes [the United States Trustee] to collect post-confirmation quarterly fees from a Chapter 11 reorganized debtor until its Chapter 11 case is converted, dismissed, or closed.") Here, the Debtor has failed to comply fully with its duty to pay the quarterly fees required by 28 U.S.C. § 1930(a)(6). The Debtor owes the United States Trustee quarterly fees in the estimated amount of $4,963.72.[2] See Morrissey Decl. ¶ 3. These fees are estimated because the Debtor has defaulted in filing its quarterly reports as required by the Post-Confirmation Order. This Court has

---

[2] The Debtor's failure to file post-confirmation status reports in this case has prevented the Office of the United States Trustee from fixing the amount of United States Trustee quarterly fees outstanding in this case. Thus, the estimated amount of $4,963.72 is subject to adjustment and interest assessment under 31 U.S.C. § 3717.

regularly found that the non-payment of mandatory fees constitutes cause to convert or dismiss Chapter 11 cases. See In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (failure to pay quarterly fees, without more, provides cause to dismiss or convert case); In re Hi-Toc Dev. Corp., 159 B.R. 691, 693 (Bankr. S.D.N.Y. 1993). Accordingly, this Court should convert or dismiss this case for cause pursuant to 11 U.S.C. § 1112(b)(4)(K).

Over three years have elapsed since the Confirmation Date. United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6) continue to accumulate every quarter, with no post-confirmation activity occurring in the case since the filing of seven monthly operating reports in September 2010. See ECF Docket Report. The Debtor's failure to file post-confirmation reports as required by the Post Confirmation Order denies all parties in interest, including creditors, the Court and the United States Trustee, access to important financial information regarding the Debtor's financial affairs and, specifically, its progress in implementing the Plan. Not known, among other things, is the cash balance in the estate, whether any amounts remain available for the payment of statutory fees to the United States Trustee, and whether any disbursements have been made.

**The Court Should Dismiss this Case.**

The Court has broad discretion to either convert or dismiss this Chapter 11 case. AdBrite Corp., 290 B.R. at 214. "Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." Id. A determination of whether to convert or to dismiss a case under § 1112(b) requires a two-step analysis. In re Hampton Hotel Investors, L.P., 270 B.R. 346, 358-359 (Bankr. S.D.N.Y. 2001) (citations omitted). First, the court must determine whether there is cause to convert or dismiss. Id. at 259. If the court finds that cause exists, it must then decide whether it is in the best interests of creditors to dismiss the chapter 11

case, or to convert the case to a chapter 7 case. <u>Id.</u>

   The United States Trustee has demonstrated above that cause to dismiss or to convert this chapter 11 case exists under 11 U.S.C. § 1112(b)(3) and (10). Based on the facts of this case, dismissal, rather than conversion to chapter 7, is appropriate. The Court confirmed the Plan over three years ago, and it is not likely that the creditors will be prejudiced by the dismissal of this case. Because the Debtor filed its petition and schedules in 2009, information about the Debtor's assets is likely to be severely outdated and search or recovery of any assets by a chapter 7 Trustee may be exceedingly costly. If the Court, however, is not inclined to dismiss the case, the United States Trustee believes that conversion to chapter 7 would be appropriate given the Debtor's failure to adhere to its fiduciary responsibilities.

## **Conclusion**

   WHEREFORE, the United States Trustee respectfully requests that the Court enter a final order dismissing this Chapter 11 case or, in the alternative, converting this Chapter 11 case

to Chapter 7, pursuant to 11 U.S.C. § 1112(b), and grant such other and further relief as may be deemed just and proper.

Dated:   New York, New York
         September 18, 2013

                                      Respectfully submitted,

                                      TRACY HOPE DAVIS
                                      UNITED STATES TRUSTEE
                                      Region 2

By:   */s/ Richard C. Morrissey*
       Richard C. Morrissey
       Trial Attorney
       33 Whitehall Street, 21st Floor
       New York, New York 10004-2112
       Tel. No. (212) 510-0500
       Fax. No. (212) 668-2255